**In the Matter of Wesley Roger BEARD.**

**No. C4–86–810.**

Court of Appeals of Minnesota.

July 29, 1986.

Review Denied Sept. 24, 1986.

Thomas L. Johnson, Hennepin Co. Atty., Douglas J. McClellan, Asst. Co. Atty., Minneapolis, for respondent.

Allan R. Poncin, Minneapolis, for appellant.

Heard, considered and decided by POPOVICH, C.J., and FOLEY and FORSBERG, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellant was charged with four counts of assault stemming from the stabbing of two University of Minnesota police officers on August 27, 1985. Following court-ordered examinations, appellant was referred to the mental health division for commitment proceedings pursuant to Minn.R. Crim.P. 20.01, subd. 4(2)(a).

At the close of petitioner's case, before the examiner had testified, appellant moved to dismiss for failure to establish a prima facie case of mental illness. The motion was denied and the examiner was permitted to testify. Petitioner was permitted to reopen and introduce records of the criminal charges. The trial court committed appellant as a mentally ill person and this appeal followed. We affirm.

## FACTS

Wesley Beard is a 58-year-old man with no permanent address. On August 27, 1985 Beard allegedly threatened an individual near the University of Minnesota by waving a knife and yelling racial epithets. The individual notified University of Minnesota police officers, who attempted to convince Beard to give up the knife. In an ensuing struggle, both officers were stabbed. Neither of the injured officers or the individual originally threatened testified at the commitment hearing.

Lieutenant Francis Gernandt arrived after Beard had been handcuffed and placed in a police car. Gernandt observed a bloody knife at the scene and later photographed the officers' wounds. Although he did not personally witness the alleged assault, Gernandt was assigned to investigate. He reviewed statements prepared by the officers and interviewed the individual originally threatened by Beard before making a criminal complaint.

The court-appointed examiner, licensed consulting psychologist James Jacobson, testified appellant "definitely poses a potential for harm to other individuals." Appellant told the examiner that authorities thought he was mentally ill because he had stabbed the officers. Appellant believed the police were after him because he had been receiving social security benefits and "sooner or later people would get mad at him for being on welfare." Appellant told Jacobson he was only defending himself. Jacobson described appellant's extensive and long-standing persecutorial delusional system. Jacobson told the trial court appellant required long-term hospitalization for treatment of paranoid schizophrenia. The trial court ordered appellant committed as a mentally ill person.

## ISSUES

1. Is the trial court's finding that appellant is a mentally ill person, as defined by statute, clearly erroneous?

2. Was the court-appointed examiner properly permitted to testify at the commitment hearing?

## ANALYSIS

1. If the trial court finds, by clear and convincing evidence, that an individual has a substantial psychiatric disorder which is manifested by grossly disturbed behavior or faulty perceptions and the individual poses a substantial likelihood of physical harm to himself or others as demonstrated by a recent attempt or threat of harm and there is no less restrictive alternative to commitment, the court may order commitment. Minn.Stat. §§ 253B.02, subd. 13, 253B.09, subd. 1 (1984).

The trial court must make specific findings of fact based upon evidence at the hearing. Minn.Stat. § 253B.09, subd. 2; Minn.R.Civ.Commitment 11.01. We will not reverse the factual findings of the trial court unless they are clearly erroneous. Minn.R.Civ.P. 52.01.

▪ Appellant argues the finding he is likely to harm others is not supported by evidence of a recent attempt or threat of harm. Lieutenant Gernandt did not observe the stabbings and appellant argues the absence of direct testimony by one of the participants compels the conclusion that the trial court's finding of likely future harm is clearly erroneous. However, appellant overlooks the examiner's testimony regarding appellant's account of the August 27 incident, including an admission of the stabbings. Further, the State's complaint submitted to the trial court sets forth, in detail, appellant's threats to another and his (successful) attempt to harm the police officers.

It is unclear whether police reports documenting appellant's violent behavior were received as evidence. The reports were originally offered and not received. Later respondent was allowed to reopen and the trial court granted respondent's motion "to take judicial notice of the reference from the criminal court with the accompanying documentation." While it was stated the involved complaint was part of that documentation, it is unclear whether the police reports were attached to the complaint. The police reports were not forwarded as exhibits before this court. In the absence of an explicit trial court ruling regarding admissibility of the police reports under Minn.R.Evid. 803(8), we decline to reach that issue.

Despite the absence of the police reports, sufficient evidence exists to support the trial court's findings. Appellant personally admitted stabbing the police officers when examined by Dr. Jacobson, and we cannot conclude the examiner's testimony is untrustworthy. We also note the State's complaint documents appellant's violent behavior. Accordingly, the trial court properly relied upon testimony given and reports received in finding the likelihood of appellant harming others had been shown by clear and convincing evidence. That finding is not clearly erroneous.

We note, however, petitioner has not exceeded the bare minimum showing required. It is troubling petitioner did not produce the two injured police officers as witnesses at the commitment hearing. At oral argument, petitioner stated the officers were not available at the time of hearing, but witnesses can be made available by subpoena. We cannot condone such faint practice during such important proceedings.

▪ Appellant also argues the August incident was not a *recent* attempt to harm when the petition was heard in February. Appellant was continuously held in custody while undergoing psychiatric competency evaluations in the criminal proceedings and awaiting trial on the commitment action. Good behavior in the artificial environment of a hospital is not determinative on the issue of dangerousness to the public where expert testimony indicates the patient remains dangerous. *State v. Ward,* 369 N.W.2d 293, 296–97 (Minn.1985); *In re Bobo,* 376 N.W.2d 429, 432 (Minn.Ct.App. 1985).

▪ 2. Appellant sought dismissal of the petition before the examiner testified, arguing the petitioner must alone establish a prima facie case for commitment. The trial court properly denied that motion.

The examiner is appointed by the trial court to report whether the proposed patient is mentally ill and commitment is warranted, and to recommend appropriate treatment. Minn.R.Civ. Commitment 8.02. The examiner's report is provided to counsel and filed with the court before the hearing. Minn.Stat. § 253B.07, subd. 5; Minn.R.Civ. Commitment 8.03. At the hearing on the commitment petition, the trial court must "admit all relevant evidence" and base "its determination upon the *entire* record." Minn.Stat. § 253B.08, subd. 7 (emphasis added).

We find no statutory authority for appellant's claim that the trial court was not permitted to rely upon the examiner's filed report and testimony at the hearing. In fact, the court properly based its findings "upon the entire record" as required by statute.

### DECISION

The commitment of appellant as a mentally ill person is affirmed.

Affirmed.